GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
By: CHARLES S. JACOB
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:   (212) 637-2725
Fax:   (212) 637-2702
Email:  charles.jacob@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>           v.<br><br><br>WILLIAM DOONAN and WILLIAM DOONAN AND ASSOCIATES, INC., d/b/a WILLIAM DOONAN, ESQ.,<br><br><br><br>                        Defendants. | **COMPLAINT**<br><br>19 Civ. _____ |

Plaintiff, the United States of America (the "United States"), alleges as follows:

1. The United States brings this action to obtain a permanent injunction against tax preparer William Doonan ("Doonan") and his company William Doonan and Associates, Inc., d/b/a William Doonan, Esq. ("Doonan and Associates," and together with Doonan, "Defendants"). As admitted during his criminal plea allocution, Doonan devised and operated a scheme to submit fraudulent income tax returns on behalf of his clients.

2. Specifically, pursuant to 26 U.S.C. §§ 7402, 7407, 7408, the United States seeks to permanently enjoin Defendants from preparing federal tax returns for others, engaging in any

activity subject to penalty under 26 U.S.C. §§ 6694 or 6701, or engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Jurisdiction and Venue

3. Pursuant to 26 U.S.C. §§ 7402, 7407 and 7408, this action has been commenced at the direction of a delegate of the Attorney General of the United States based on a request made by a delegate of the Secretary of the Treasury.

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 26 U.S.C. § 7402(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the actions giving rise to this suit took place in this District, and pursuant to 26 U.S.C. § 7408(a) because Defendants have engaged in specified conduct, which the United States is seeking to enjoin, in this District.

## Defendants and Their Tax Fraud Scheme

6. Doonan was licensed to practice law in the State of New York from 1982 until he was disbarred in 2017 subsequent to a criminal conviction.

7. Doonan owned and operated Doonan and Associates, which he used to provide tax advice and tax preparation services to taxpayer-clients in the greater New York City area. His office was located at 1135 Pelham Parkway North, Bronx, New York.

8. In 2002, Doonan obtained a non-transferrable EFIN for Doonan and Associates, which Defendants thereafter used to file tax returns electronically with the IRS. Specifically, this EFIN was registered under "William Doonan & Associates, Inc."; upon information and belief, some of the returns filed under this EFIN, however, listed "William Doonan, Esq.," as the

preparer firm.  Beginning in tax year 2011, Doonan obtained the non-transferrable Electronic Filing Identification Number ("EFIN") 260543, which he also used to file tax returns electronically with the Internal Revenue Service ("IRS").

9. Defendants assisted individual taxpayer-clients in preparing and filing U.S. Individual Income Tax Returns, Forms 1040, and related IRS schedules and forms.

10. The IRS civil examination unit conducted an investigation of Defendants, focusing on the "tax processing" years 2012 through 2016 (referring to the years in which the returns were filed, not the years giving rise to the underlying tax liability).  Defendants filed over 3,500 tax returns for each of those tax processing years.  As part of the civil investigation, IRS revenue agents interviewed nine of Defendants' clients and audited a sample of the Schedules A and C that Defendants filed on their behalf.

11. These and other investigative measures revealed that, for tax processing years 2012 through 2016, Defendants inflated or completely fabricated various itemized deductions on their clients' Schedules A, particularly those involving unreimbursed employee business expenses, and reported fictitious business losses on their clients' Schedules C.

12. For tax processing years 2012 through 2016, Defendants included fabricated and inflated items on their clients' federal tax returns, fraudulently reducing their clients' tax liabilities or increasing their tax refunds, and causing a loss to the IRS.  The average tax deficiency of 69 returns selected for examination was approximately $2,371 per return.

## The Criminal Investigation and Conviction of Doonan

13. On or about June 17, 2013, IRS notified Doonan that it was conducting a criminal investigation of his tax fraud scheme.  After Doonan was notified of the investigation,

Defendants continued to include fabricated and inflated items and deductions on their clients' federal tax returns.

14. In November 2016, the United States of America filed a criminal Information against Doonan in this District for several offenses related to his operation of the tax fraud scheme described above. On or about November 1, 2016, Doonan waived prosecution by Indictment and consented to a criminal proceeding by Information.

15. In November 2016, Doonan pled guilty to one count of willfully aiding and assisting in the preparation of fraudulent or false documents in matters arising under the internal revenue laws, in violation of 26 U.S.C. § 7206(2), and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).

16. During Doonan's plea allocution, he admitted that he had submitted federal tax returns to the IRS that contained false and fictitious expenses and itemized deductions and business expenses.

17. In May 2017, the Honorable Vernon S. Broderick sentenced Doonan to 24 months' incarceration on each count, to run concurrently.

## Harm to the United States and Others

18. Defendants' conduct harms the United States because Defendants' customers have underreported and underpaid their tax liabilities based on fabricated deductions and expenses.

19. In addition to the direct harm caused by preparing tax returns that understate customers' tax liabilities, Defendants' conduct undermines public confidence in the

administration of the federal tax system and encourages noncompliance with the internal revenue laws.

20. Defendants' conduct also harms their customers because the customers paid Defendants to prepare their tax returns, and, once the fraud is detected, the customers are responsible for paying all outstanding taxes, interest, and penalties.

21. Defendants' conduct further harms the United States because the IRS must devote its limited resources to investigating the tax returns they prepared, ascertaining their customers' correct tax liabilities, recovering any refunds erroneously issued, and collecting any additional taxes and penalties.

22. Moreover, Defendants' conduct causes intangible harm to honest tax return preparers, because by preparing returns that falsely or fraudulently inflate Defendants' customers' refunds or decrease their tax obligations, Defendants gain an unfair competitive advantage over tax return preparers who prepare accurate returns and who as a result may have fewer customers.

23. Because Defendants continually and repeatedly prepared false and fraudulent returns, and continued to prepare false and fraudulent returns and make false statements to IRS civil investigators even after Doonan knew he was under criminal investigation for this conduct, only permanent injunctive relief can prevent its recurrence.

## Count I - Injunction under 26 U.S.C. § 7407

24. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-23 above.

25. Pursuant to 26 U.S.C. § 7407, the Court may enjoin a tax return preparer if it finds that the preparer has engaged in conduct that is subject to penalty under 26 U.S.C. § 6694(b) and

that injunctive relief is appropriate to prevent the recurrence of the conduct.  Section 6694(b), in turn, imposes penalties on a tax return preparer who willfully attempts to understate the tax liability of another person or whose reckless or intentional disregard of rules and regulations results in the understatement of tax liability.

26. Defendants were income tax return preparers, as defined in 26 U.S.C. § 7701(a)(36).

27. As set forth above, Defendants continually and repeatedly engaged in conduct that was subject to penalty under 26 U.S.C. § 6694(b) by preparing federal income tax returns for their clients that they knew contained false and/or fraudulent expenses and deductions.  They knew that these returns would result in their clients understating their tax liabilities or receiving unwarranted tax refunds.

28. Injunctive relief is necessary and appropriate to prevent the recurrence of Defendants' misconduct.

29. In the absence of an injunction, the IRS will be at risk of paying unwarranted or inflated tax refunds to Defendants' clients, or under-collecting the clients' tax liabilities, due to tax returns prepared by Defendants that do not accurately report the amount of federal taxes their clients owe.  It may not be possible, and in any event would entail substantial effort, for the IRS to identify and locate all of Defendants' clients and examine their tax returns.

30. Pursuant to 26 U.S.C. § 7407, the Court should permanently enjoin Defendants from preparing or filing federal tax returns for others.

## Count II - Injunction under 26 U.S.C. § 7408

31. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-30 above.

32.     Pursuant to 26 U.S.C. § 7408, the Court may enjoin any person from engaging in conduct that is subject to penalty under 26 U.S.C. § 6701 if injunctive relief is appropriate to prevent the recurrence of that conduct.  Section 6701, in turn, penalizes any person who aids or assists in the preparation of any portion of a federal tax return or other document knowing that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it would result in an understatement of another person's tax liability.

33.     As set forth above, Defendants continually and repeatedly engaged in conduct that was subject to penalty under 26 U.S.C. § 6701 by knowingly preparing federal income tax returns for their clients that improperly claimed fraudulent deductions and thereby understated the clients' federal tax liabilities.

34.     While Defendants' conduct is subject to penalty under 26 U.S.C. § 6701, penalties alone will not deter them from reverting to such conduct.  Unless enjoined, Defendants are likely to continue to prepare tax returns that they know or should know will result in the understatement of their clients' tax liabilities.

35.     In the absence of an injunction, the IRS will be at risk of paying unwarranted or inflated tax refunds to Defendants' clients, or under-collecting the clients' tax liabilities, due to tax returns prepared by Defendants that do not accurately report the amount of federal taxes their clients owe.  It may not be possible, and in any event would entail substantial effort, for the IRS to identify and locate all of Defendants' clients and examine their tax returns.

36.     Pursuant to 26 U.S.C. § 7408, the Court should permanently enjoin Defendants from engaging in conduct subject to penalty under 26 U.S.C. § 6701 and from preparing federal tax returns for others.

**Count III – Injunction under 26 U.S.C. § 7402**

37. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-36 above.

38. Pursuant to 26 U.S.C. § 7402, the Court may issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws," and further provides that such injunctive relief is "in addition to and not exclusive of any and all other penalties."

39. As set forth above, Defendants continually and repeatedly engaged in conduct that substantially interfered with the administration and enforcement of the internal revenue laws. Further, unless enjoined from preparing tax returns for others, they are likely to continue to engage in such conduct in the future.

40. In light of their fraudulent and deceptive conduct, the IRS will be exposed to the risk of irreparable injury if Defendants are not barred from preparing tax returns for others.

41. Specifically, in the absence of an injunction, the IRS will be at risk of paying unwarranted or inflated tax refunds to Defendants' clients, or under-collecting the clients' tax liabilities, due to tax returns prepared by Defendants that do not accurately report the amount of federal taxes their clients owe.  It may not be possible, and in any event would entail substantial effort, for the IRS to identify and locate all of Defendants' clients and examine their tax returns.

42. Enjoining Defendants from preparing tax returns for others is in the public interest because an injunction will prevent the recurrence of illegal conduct and the harm such conduct will cause to the IRS and the public.

43. The Court should therefore order injunctive relief under 26 U.S.C. § 7402(a).

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

a. Finds that Defendants have repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701 and that injunctive relief pursuant to 26 U.S.C. §§ 7407 and 7408 is appropriate to prevent recurrence of such illegal conduct;

b. Finds that Defendants repeatedly engaged in conduct that interfered with the enforcement of the internal revenue laws and that injunctive relief against them is appropriate to prevent recurrence of such conduct pursuant to 26 U.S.C. § 7402 and the Court's inherent authority;

c. Permanently enjoins, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Defendants, and any other entity through which Doonan prepares and files tax returns, from directly or indirectly:

   i. Preparing or filing, or assisting in preparing or filing, any federal tax return, amended return, or other federal tax documents or form for any person other than himself (or he and his spouse if filing jointly);

   ii. Representing any person before the IRS, or advising, assisting, counseling, or instructing anyone about preparing a federal tax return;

   iii. Employing any person who prepares or files, or assists in preparing or filing, any federal tax return, amended return, or other federal tax documents or form for any person other than himself (or he and his spouse if filing jointly);

   iv. Engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701;

   v. Further promoting false tax schemes that are in violation of the internal revenue laws;

   vi. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number ("PTIN") or an EFIN;

   vii. Having an ownership interest in an entity that is in the business of preparing federal tax returns or other federal tax documents or forms for other persons or representing any person before the IRS;

   viii. Advertising tax return preparation services through any medium, including the internet and social media; and

   ix. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

d. Pursuant to 26 U.S.C. § 7402, requires Defendants to contact, within fifteen days of the Court's order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom Doonan, or any person acting under his direction and control (including but not limited to through Doonan and Associates), prepared federal tax returns, amended tax returns, or claims for a refund from tax year 2009 to the date of this Court's order, to inform those persons of the permanent injunction entered against Defendants by sending a copy of the order of permanent injunction (with no other enclosures unless approved by the United States Attorney's Office for the Southern District of New York or the Court);

e. Pursuant to 26 U.S.C. § 7402, requires Defendants to produce to counsel for the United States, within 60 days of the Court's order, a list that identifies by name, Social Security number, address, e-mail address, telephone number, and tax period(s) all persons for whom Doonan, or any person acting under his direction and control (including but not limited to through Doonan and Associates), prepared federal tax returns, amended tax returns, or claims for a refund from tax year 2009 to the date of this Court's order;

f. Pursuant to 26 U.S.C. § 7402, requires Defendants, within 75 days of receiving the Court's order, to file a declaration, signed under penalty of perjury, confirming that it has received a copy of the Court's order and complied with its terms;

g. Authorizes the United States to take such steps as necessary, including but not limited to post-judgment discovery, to monitor and ensure compliance with the Court's injunction against Defendants; and

h. Grants such further relief as the Court deems appropriate.

Dated: October 16, 2019
New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York
*Attorney for the United States of America*

By: _____
CHARLES S. JACOB
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2725
Fax: (212) 637-2702
charles.jacob@usdoj.gov