USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

-v-

WILLIAM DOONAN and WILLIAM DOONAN AND ASSOCIATES d/b/a WILLIAM DOONAN, ESQ.,

      Defendants.

19 Civ. 9578 (AT)

## **PRIVACY ACT ORDER AND PROTECTIVE ORDER**

    WHEREAS, the United States of America (the "Government") brought this action against Defendants William Doonan ("Doonan") and William Doonan and Associates d/b/a William Doonan, Esq. ("WDA," and together, the "Defendants"), seeking, among other things, a permanent injunction preventing them from, among other things, preparing federal tax returns for others, *see* Dkt. No. 1;

    WHEREAS, certain information or records concerning Defendants' customers that is in the Government's possession and potentially relevant to this action may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and discovery may involve the disclosure of tax-related records of Defendants' customers;

    WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the Government and Doonan, to facilitate the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States in the course of discovery proceedings. The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including, but not limited to, information protected from disclosure by the Privacy Act.

3. Information that the Government or Defendants deem Protected Information shall be designated as such by stamping the phrase "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4. Any party who contests the designation of a document or record as Protected Information shall provide the producing party written notice of its challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

5. Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6. Any document or record designated as Protected Information may be disclosed only to the following Qualified Persons:

    i. The Government, attorneys for the Government, and any support staff or other employees of the Government or attorneys of record who are assisting in the prosecution of this action;

    ii. Defendants, attorneys for Defendants, and any support staff or other employees of Defendants' attorneys of record who are assisting in the defense of this action;

    iii. Experts or consultants retained for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

    iv. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

    v. Witnesses called to give testimony in this matter;

    vi. Court employees and Court staff; and

    vii. Such other persons as hereafter may be authorized by the Court upon motion of any party.

7. A copy of this Order shall be delivered to each Qualified Person under sections 6(iii), 6(iv) and 6(v), to whom a disclosure of Protected Information is made, at or before the

time of disclosure, by the party making the disclosure or by its counsel.  Each such person shall executive an acknowledgment in the form of Exhibit 1 attached hereto before disclosure is made, and the provisions of this Order shall be binding upon that person.

8. All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information.  Any portions of deposition transcripts containing such questions and testimony shall subject to the same protections and precautions as the Protected Information where appropriate.

10. If any party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the producing person no less than ten days' advance written notice of its intent to file such material.  The producing party may then make an application to the Court requesting that the material be filed and kept under seal.  If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application.  The parties will use their best efforts to minimize the need to file documents under seal.

11. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

12. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the

producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

13. If any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

14. Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the parties, shall be returned to the producing parties or destroyed. If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

15. If the Government or the Defendants inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving

persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

16. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

17. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

18. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

19. Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20. Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York  
~~January~~ February 6, 2020

Dated: New York, New York  
January  , 2020

GEOFFREY S. BERMAN  
United States Attorney for the  
Southern District of New York

By: _____  
CHARLES S. JACOB  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Tel.: (212) 637-2725  
E-mail: Charles.jacob@usdoj.gov  
*Counsel for the Government*

_____  
WILLIAM DOONAN  
104 Outlook Avenue  
Bronx, NY 10465  
*Pro Se Defendant*

SO ORDERED:

Dated: New York, New York  
February 6, 2020

_____  
ANALISA TORRES  
United States District Judge

7

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    -v-<br><br>WILLIAM DOONAN and WILLIAM DOONAN AND ASSOCIATES d/b/a WILLIAM DOONAN, ESQ.,<br><br>      Defendants. | 19 Civ. 9578 (AT) |

## ACKNOWLEDGEMENT

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *United States v. Doonan et al.*, Case No. 19 Civ. 9578 (AT) (S.D.N.Y.), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____