```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

          Plaintiff,

-against-

WILLIAM DOONAN and WILLIAM DOONAN AND ASSOCIATES, INC., d/b/a WILLIAM DOONAN, ESQ.,

          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/13/2020
```

19 Civ. 9578 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On October 16, 2019, the Government commenced this action against William Doonan and William Doonan and Associates, Inc., d/b/a William Doonan, Esq. ("WDA"), seeking a permanent injunction preventing both Defendants from, among other things, preparing federal tax returns for others. ECF No. 1. Defendants' answers to the complaint were due by December 17, 2019. ECF No. 5. On December 9, 2019, Doonan answered the complaint. Answer, ECF No. 7. The answer appears to respond on behalf of Doonan as well as WDA, *id.* at 1, though Doonan signed the answer on behalf of himself only, *id.* at 7. No licensed attorney has otherwise responded to the complaint on behalf of WDA. On January 16, 2020, the Government moved to strike the answer insofar as it was filed on behalf of WDA. ECF No. 15. WDA did not file a response. For the reasons stated below, the Government's motion is GRANTED.

    Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, 28 U.S.C. § 1654, which governs appearances in federal courts, "has been interpreted to allow for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Thus, a corporation may appear in federal courts only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).

    Here, Doonan filed an answer, requesting that the Court deny the relief sought against WDA, and appearing to respond to pleadings regarding WDA. *See generally* Answer. Though Doonan was formerly a licensed attorney, he has since been disbarred following a criminal conviction. *See Matter of Doonan*, 66 N.Y.S.3d 6 (N.Y. App. Div. 2017). Because WDA is a corporation and cannot be represented by Doonan or proceed *pro se*, the answer filed at ECF No. 7 cannot be made on behalf of WDA. *See also See Bank of Am., NA v. Pushing Grey-Official No. 1205748*, No. 11 Civ. 1191, 2018 WL 4853047, at *2–3 (E.D.N.Y.

Sept. 28, 2018) (granting plaintiff's motion to strike a corporate defendant's *pro se* answer); *Kenneth W. Bach Tr. v. EMC Mfg. Acquisition Corp.*, No. 17 Civ. 690, 2018 WL 4278274, at *2–3 (N.D.N.Y. May 21, 2018) (same), *report and recommendation adopted*, 2018 WL 4278272 (N.D.N.Y. July 11, 2018); *Triangl Group Ltd. v. Jiangmen City Xinhui Dist. Lingzhi Garment Co., Ltd.*, No. 16 Civ. 1498 (S.D.N.Y. Dec. 13, 2016), at ECF No. 28 at 2 (same).

Accordingly, the Government's motion to strike WDA's answer at ECF No. 7 is GRANTED.[1]

It is further ORDERED that, by **March 6, 2020**, any counsel retained by WDA shall file a notice of appearance. Failure to retain counsel for WDA will be considered a failure to defend, warranting default judgment against the corporation. *See Shapiro Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam).

The Clerk of Court is directed to terminate the motion at ECF No. 15.

SO ORDERED.

Dated: February 13, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The answer is not otherwise stricken insofar as it answers the complaint on behalf of Doonan *pro se*.