USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/3/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

WILLIAM DOONAN and WILLIAM DOONAN AND ASSOCIATES, INC., d/b/a WILLIAM DOONAN, ESQ.,

                Defendants.

19 Civ. 9578 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Government brings this action against William Doonan and William Doonan and Associates, Inc., d/b/a William Doonan, Esq. ("WDA"), seeking a permanent injunction restraining Defendants from, among other things, preparing federal tax returns for others. Compl., ECF No. 1. Now before the Court is the Government's motion for a preliminary injunction, ECF No. 18, on which the Court heard oral argument on April 2, 2020, ECF No. 36. For the reasons stated below, the Government's motion is GRANTED.

## BACKGROUND

Doonan operates WDA, a company providing tax-preparation services to taxpayer-customers in the greater New York City area. Dixon Decl. ¶ 4, ECF No. 20. Doonan has prepared and submitted tax returns to the Internal Revenue Service ("IRS") since at least 2004, *id.* ¶ 6, and WDA has been registered as a tax-preparation company since 2003, *id.* Ex. A at 1.[1]

### I.    The Criminal Action

For the tax processing years of 2012 to 2016,[2] Defendants filed approximately 23,245

---

[1] WDA has not appeared in this action, and therefore has failed to defend against the Government's motion for a preliminary injunction. *See* ECF No. 26 (holding that WDA cannot proceed *pro se*).

[2] "Tax processing years" refers to the years in which the returns were filed, not the years giving rise to the underlying tax liabilities. *See* Gov't Mem. at 3, ECF No. 19.

tax returns on behalf of others. *See* Dixon Decl. ¶ 11. In 2012 and 2013, the IRS audited 69 returns prepared by Doonan for the 2009 through 2012 tax years.[3] *Id.* ¶ 13. Fifty-four of those audits, constituting approximately 78% of the total submitted by Doonan during those years, showed that the taxpayer owed additional tax liability. *See id.* ¶ 14. On certain occasions, the IRS examiner rejected unreimbursed employee expenses or business losses claimed by Doonan's customers on the grounds that the claims were falsified or lacked substantiation. *See id.* ¶ 15. The 69 examined returns reflected a total understated tax liability of approximately $163,466, with an average deficiency per return of approximately $2,369. *See id.* ¶ 16.

In November 2016, the Government filed a criminal information against Doonan in this district. *See United States v. Doonan*, No. 16 Cr. 732 (S.D.N.Y. Nov. 1, 2016) (the "Criminal Action"), ECF No. 2. The Government charged Doonan with one count of willfully aiding and assisting in the preparation of fraudulent or false documents in matters arising under the internal revenue laws, in violation of 26 U.S.C § 7206(2), and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). *See id.* at 1–6. On November 1, 2016, Doonan pleaded guilty to both counts. Dixon Decl., Ex. B, Plea Allocation Transcript ("Plea Tr.") at 17; Criminal Action, ECF No. 14-1.

At his plea allocution, Doonan admitted that, from 2009 to April 2013, he "knowingly prepared and caused the preparation of filing federal false tax returns" that included "[w]holly fictitious, inflated itemized deductions and business expenses." Plea Tr. at 17. Doonan further acknowledged that, in 2011 and 2012, he "put down more expenses than some people

---

[3] "Tax years" refers to the years in which the underlying liability arose. *See* Gov't Mem. at 3.

had" on their tax returns, and that he knew that, by falsifying those expenses, he was "going to get those people greater refunds or have them pay lesser in taxes than they should." *Id.* at 16. In sentencing Doonan, the Honorable Vernon S. Broderick determined that Doonan had caused a tax loss to the United States of approximately $1.8 million. *See* Dixon Decl., Ex. C, Sentencing Hearing Transcript ("Sentencing Tr.") at 11; Criminal Action, ECF No. 22 ("Since the defendant here is responsible for a tax loss of approximately $1.8 million, the base offense level results in a 22.").

II. The Civil Action

After receiving information from an anonymous informant, the IRS initiated a civil investigation of Defendants focused on tax-processing years 2012 to 2016. *See* Dixon Decl. ¶¶ 17, 20. The assigned IRS examiner, Lori Dixon, analyzed tax returns prepared and submitted by Defendants, and reviewed IRS databases containing information relating to the returns they prepared and filed. *See id.* ¶ 18. Dixon also interviewed Defendants' customers to confirm whether they had actually incurred expenses or qualified for the deductions claimed on their tax returns submitted by Defendants to the IRS. *See id.* ¶ 19.

Through this investigation, the IRS learned that Defendants regularly reported fabricated unreimbursed employee expenses and false business income and expenses on their clients' federal tax returns, and in particular, on Schedules A and C to those returns. *See id.* ¶ 21. For the tax years in question, Schedules A and C to the IRS's Form 1040, which is the federal income tax return form for individuals, were used to report itemized deductions, including unreimbursed employee expenses (Schedule A), or to report income or expenses from a business that the taxpayer operated or a profession that the taxpayer practiced as a sole proprietor (Schedule C). *See id.* ¶ 3. An IRS sampling analysis of unreimbursed employee expenses claimed by Defendants' customers revealed the systematic nature of this scheme. *See*

3

*id.* ¶¶ 28–30. Specifically, this analysis showed a systemic pattern of itemized employee expenses claimed by Defendants' customers, even though those customers worked in occupations that would not generally require the items or services the customers purportedly purchased. *See* Gov't Mem. at 7–8, ECF No. 19.

The civil investigation revealed that Defendants' fraudulent scheme continued until at least April 2016, *see* Dixon Decl. ¶ 22, which was after Doonan learned of the criminal investigation in 2013, *see* Gov't Mem. at 6. Defendants charged clients as much as $525 for preparing an annual income tax return. Dixon Decl. ¶ 10.

## DISCUSSION

### I. Legal Standard

"When an injunction is expressly authorized by statute, the standard preliminary injunction test is not applied." *United States v. Broccolo*, No. 06 Civ. 2812, 2006 WL 3690648, at *1 (S.D.N.Y. Dec. 13, 2006) (citing *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975). "Instead, the Court must look to the 'statutory conditions for injunctive relief,' and may issue a preliminary injunction if those conditions are met." *Id.* (quoting *Mgmt. Dynamics, Inc.*, 515 F.2d at 808 (holding that the Securities and Exchange Commission need not demonstrate irreparable injury where seeking injunctive relief pursuant to statutory authorization)).

### II. Analysis

Here, the Government seeks a preliminary injunction under 26 U.S.C. §§ 7407, 7408, and 7402(a). Gov't Mem. at 11. Sections 7407 and 7408 provide statutory conditions for equitable relief, and the Court may issue a preliminary injunction if those conditions are met. *See Broccolo*, 2006 WL 3690648, at *1 (not applying the standard preliminary injunction test for a preliminary injunction sought under §§ 7407 and 7408). On the grounds that 26 U.S.C. §

7402(a) does not include explicit statutory conditions for equitable relief, some courts have applied traditional equitable considerations in determining whether to issue injunctions under that provision. *See id.*; *United States v. Buddhu*, No. 08 Civ. 0074, 2009 WL 1346607, at *3 (D. Conn. May 12, 2009). The Court addresses the Government's entitlement to preliminary relief under each statutory provision in turn.

### A. 26 U.S.C. § 7407

Section 7407 authorizes a court to enjoin offending conduct if it finds that a preparer has "engaged in any conduct subject to penalty under [26 U.S.C. §§ 6694 or 6695], or subject to any criminal penalty provided by [the Internal Revenue Code]," and that injunctive relief is appropriate to prevent the recurrence of that conduct. 26 U.S.C. § 7407(b). Section 6694(b), in turn, imposes penalties on a tax return preparer who willfully attempts to understate the tax liability of another person or whose reckless or intentional disregard of rules and regulations results in the understatement of tax liability.

Section 7407 also authorizes the Court to enjoin a defendant's offending conduct if the defendant is found to have "engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," and that injunctive relief is appropriate to prevent the recurrence of such conduct. 26 U.S.C. § 7407(b)(1)(D). If a preparer has engaged in such conduct "continually and repeatedly," and if "an injunction prohibiting such [specific] conduct would not be sufficient to prevent such person's interference with the proper administration of [the Internal Revenue Code]," § 7407(b) also authorizes the Court to issue a broader injunction prohibiting an individual from "acting as an income tax return preparer" altogether. *Id.* § 7407(b)(2); *see also Broccolo*, 2006 WL 3690648, at *2.

The Court finds that Defendants continually and repeatedly engaged in conduct that is subject to criminal penalty under the Internal Revenue Code, subject to penalty under 26 U.S.C. § 6694(b), and which substantially interferes with the proper administration of the internal revenue laws. Doonan pleaded guilty to one count of willfully aiding and assisting in the preparation of fraudulent or false documents in matters arising under the internal revenue laws, in violation of 26 U.S.C § 7206(2), and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). At his plea allocution, Doonan admitted that from 2009 to April 2013, he had "knowingly prepared and caused the preparation of filing federal false tax returns" that included "[w]holly fictitious, inflated itemized deductions and business expenses." Plea Tr. at 17; *see also* Sentencing Tr. at 37 ("The Defendant: . . . And I did it. And then I did it again. I did it again."). Additionally, because Doonan was WDA's Chief Executive Officer and took these actions in that role, Doonan's admissions demonstrate that WDA was also engaged in conduct subject to criminal penalty. *See United States v. Demauro*, 581 F.2d 50, 53 (2d Cir. 1978) ("[A]s a general rule a corporation is liable for the criminal acts of its employees if done on its behalf and within the scope of the employees' authority.") (citations omitted).

It is "well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." *United States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978). The same issues and facts that led to Doonan's conviction under 26 U.S.C. §§ 7206(2) and 7212(a) support civil liability under § 7407. *See United States v. Harris*, No. H-06-2115, 2007 WL 614207, at *1 (S.D. Tex. Feb. 26, 2007) (holding that the civil defendant's criminal conviction under § 7206(2) on numerous counts of aiding in the

preparation of false returns "precludes him from denying that he prepares fraudulent federal income tax returns"); *United States v. Littrice*, No. 08 Civ. 2432, 2011 WL 3555812, at *2 (N.D. Ill. Aug. 8, 2011) (in action seeking injunctions under 26 U.S.C. §§ 7402, 7407, and 7408, even if defendant had responded to government's summary judgment motion, she "would have been barred from denying [her] criminal activities by collateral estoppel because [she] has been convicted" under § 7206(2)). And Doonan has acknowledged that he intentionally understated the tax liability on returns he prepared. *See, e.g.*, Plea Tr. at 17 ("The Defendant: Well, I knowingly prepared and caused the preparation of filing federal false tax returns for certain clients. Wholly fictitious, inflated itemized deductions and business expenses.").

Having concluded that the statute authorizes an injunction in this instance, the Court looks to "(1) the degree of scienter involved; (2) the isolated or recurring nature of the fraudulent activity; (3) the defendant's appreciation of his wrongdoing; and (4) the defendant's opportunities to commit future violations," to determine whether a preliminary injunction is warranted. *United States v. Pugh*, 717 F. Supp. 2d 271, 285 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

The Court concludes that the *Pugh* factors weigh in favor of a preliminary injunction. In his guilty plea allocution, Doonan admitted to preparing fraudulent tax returns from 2009 to April 2013, *see* Plea Tr. at 17, demonstrating scienter and the ongoing nature of the fraudulent activity. Moreover, Doonan repeatedly insisted at the preliminary injunction hearing that there were "two sides" to the story, suggesting that he may not fully appreciate the nature of his wrongdoing. And, of course, there is opportunity to commit future violations if Defendants are not restrained from preparing tax returns for others. The Court concludes, therefore, that

7

to prevent the interference with the administration of the internal revenue laws, a preliminary injunction restraining Defendants from preparing federal tax returns is appropriate.

Accordingly, the request for preliminary injunction under 26 U.S.C. § 7407 is GRANTED.

### B. 26 U.S.C. § 7408

The Court concludes that the requirements for an injunction under 26 U.S.C. § 7408 are met here as well. Section 7408 permits the Court to enjoin any person from conduct subject to penalty under 26 U.S.C. § 6701 upon a finding that injunctive relief is appropriate to prevent the recurrence of such conduct. 26 U.S.C. § 7408(a), (c). Section 6701 imposes a penalty on any person:

> (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,
>
> (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and
>
> (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

26 U.S.C. § 6701(a).

As previously noted, Defendants prepared and submitted to the IRS tax returns that they knew understated the federal income tax liabilities of their customers; the returns contained fictitious expenses in order to reduce the tax liabilities of Defendants' customers; and the false deductions did, in fact, understate the tax liabilities of Defendants' customers. *See, e.g.*, Dixon Decl. ¶ 32. Defendants' conduct, therefore, was subject to penalty under 26 U.S.C. § 6701.

In determining whether injunctive relief is appropriate under § 7408, the Court also looks to the *Pugh* factors previously considered in the § 7407 analysis, with the addition of

"the gravity of the harm caused by the offense," and "the extent of the defendant's participation." *Pugh*, 717 F. Supp. 2d at 298 (citation omitted). Here, the harm caused by Defendants' tax return fraud is significant, as Defendants' scheme likely caused millions of dollars in losses to the U.S. Treasury. *See* Dixon Decl. ¶ 35. Moreover, Doonan "established and operated" the scheme, Sentencing Tr. at 46, thereby demonstrating his participation in the offense. Last, as previously determined in the Court's analysis regarding § 7407, the remainder of the *Pugh* factors—which consider the defendant's scienter, non-recognition of culpability, and likelihood that the defendant's occupation would make any future violations anticipated—all favor a preliminary injunction here.

Accordingly, the request for preliminary injunction under 26 U.S.C. § 7408 is GRANTED.

    C. 26 U.S.C. § 7402(a)

Last, the Court concludes that Defendants should be preliminarily enjoined under 26 U.S.C. § 7402(a) as well. Section 7402 is a "catch-all provision, which permits district courts to issue orders of injunction and to render such judgments and decrees as may be necessary or appropriate to the enforcement of the internal revenue laws." *United States v. Azeez-Taiwo*, No. 15 Civ. 4225, 2017 WL 4443471, at *4 (E.D.N.Y. Sept. 30, 2017) (internal quotation marks and citation omitted). The statute is broad and manifests "a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957). Section 7402(a) "has been used to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984).

9

Based on the Court's findings regarding Defendants' established non-compliance with the tax preparation laws, non-recognition of wrongdoing, and Defendants' current position as tax preparers, a preliminary injunction under § 7402(a) is appropriate. *See Azeez-Taiwo*, 2017 WL 4443471, at *4.

Accordingly, the request for preliminary injunction under 26 U.S.C. § 7402(a) is GRANTED.

**CONCLUSION**

For the reasons stated above, the Government's motion for a preliminary injunction pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408 during the pendency of this action, is GRANTED.

Specifically, Defendants are preliminarily enjoined, until further order, from directly or indirectly:

1. Preparing or filing, or assisting in preparing or filing, any federal tax return, amended return, or other federal tax document or form for any person other than themselves;

2. Representing any person before IRS, or advising, assisting, counseling, or instructing anyone about preparing a federal tax return;

3. Employing any person who prepares or files, or assists in preparing or filing, any federal tax return, amended return, or other federal tax document or form for any person other than themselves;

4. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number or an Electronic Filing Identification Number;

5. Having an ownership interest in an entity that is in the business of (i) preparing federal tax returns or other federal tax documents or forms for other persons or representing any person before IRS, or (ii) advising, assisting, counseling, or instructing anyone about preparing a federal tax return;

6. Engaging in any conduct that violates 26 U.S.C. §§ 6694 or 6701; and

7. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

The Clerk of Court is directed to terminate the motion at ECF No. 18.

SO ORDERED.

Dated: April 3, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge