**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/07/2020

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19 Civ. 9578 (JLC) (KHP) |
| Plaintiff, | |
| - against - | [~~PROPOSED~~] **ORDER CONCERNING THE PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS** |
| WILLIAM DOONAN and WILLIAM DOONAN AND ASSOCIATES, INC. d/b/a WILLIAM DOONAN, ESQ., | |
| Defendants. | |

The following protocol for conducting depositions in this action via remote means, in light of the COVID-19 pandemic, is hereby approved by the Court:

1.      All depositions shall be conducted remotely using videoconference technology, such as WebEx or Zoom.

2.      The transcripts of remote depositions may be used at a trial or hearing to the same extent that a transcript of an in-person deposition may be used at trial or hearing, and no party may object to the use of the transcripts from such depositions on the basis that the deposition was taking remotely.

3.      The deponent, court reporter, and counsel for any party will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

4.      Consistent with Local Civil Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

5.      Remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. Parties may not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

6.      The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record.

7.      The court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible and visible to the court reporter.

8.      The party that noticed the deposition shall be responsible for procuring a written transcript of the remote deposition.  Each party shall bear its own cost in obtaining a transcript of the deposition.

9.      The parties are directed to work collaboratively and in good faith to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made, and to address and troubleshoot technological (including audio or video) issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. No party is required, however, to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

10.      Every deponent shall endeavor to have technology sufficient to appear for a video-conference deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not,

counsel for the deponent shall endeavor to supply it prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

11.     This Order applies to remote depositions of non-parties under Federal Rule of Civil Procedure 45.

12.     Any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

(i)     Counsel noticing the deposition may send physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other party's counsel, the *pro se* defendant, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other party's counsel, the *pro se* defendant, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

(ii)    Counsel noticing the deposition may send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm ET the business day before the deposition.

Counsel for the deponent, the other party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

(iii)   Counsel may introduce exhibits electronically during the deposition, by using the Lexitas LegalView document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

13.   All deponents receiving documents before or during a deposition, pursuant to Paragraph 12 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

SO ORDERED:

Dated:   October 7, 2020

Honorable Katharine Parker
United States Magistrate Judge
Southern District of New York