```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

-against-

WILLIAM DOONAN et al.,

                              Defendants.

**DISCOVERY ORDER REGARDING A NON-PARTY'S FIFTH AMENDMENT PRIVILEGE**

**19-CV-9578 (AT) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

       The Government filed a letter motion at ECF No. 73, dated February 12, 2021, requesting that the Court rule on the properness of a non-party deponent's intent to assert a Fifth Amendment privilege. Non-party M.L., a former customer of Defendant William Doonan's tax practice, has informed the Government that he intends to invoke his Fifth Amendment privilege against self-incrimination regarding certain topics at an upcoming deposition for which the Government has already provided him a subpoena. These topics are about M.L.'s 2015 tax returns and an alleged statement against interest he made to IRS agents in connection to them. While the Government asked questions about these same topics at Mr. Doonan's deposition, Mr. Doonan asserted his own Fifth Amendment privilege in response to all substantive questioning.

       The Government asserts that it satisfied the Court's individual rules regarding discovery motion practice by having a meet and confer with the opposing party prior to filing, and that Mr. Doonan objects to the use of M.L.'s alleged statement against interest but not necessarily to the Government's proposed process for obtaining this Court's ruling on the matter. However, the Court does not need Mr. Doonan's position in this regard. As the Government

recognized in its letter, should Mr. Doonan oppose the Government's procedural tactics, the Government would proceed with M.L..'s deposition, submitting any Fifth Amendment invocations to the Court for a privilege assessment. This is exactly what the Government should do irrespective of Mr. Doonan's position on the procedure, because the privilege is not Mr. Doonan's to assert, but rather, M.L.'s, and non-party M.L. has not indicated that he seeks a protective order against the deposition. While authority exists to address Fifth Amendment invocations preemptively, as the Government requests, the ordinary procedure counsels against preemptive rulings and toward ruling on actual assertions of privilege made during questioning. See *S.E.C. v. Pence*, 323 F.R.D. 179, 187 (S.D.N.Y. 2017). "Ordinarily, the procedure by which a deponent seeks to assert his privilege against self-incrimination is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he can without risking self-incrimination." *Id.* (internal quotation marks and citation omitted). For those questions on which a deponent asserts his or her privilege, a party may thereafter move to compel the deponent to answer questions over which it believes the deponent improperly the privilege. That is what the parties are directed to do in this case as the Government has not presented sufficient reasons, as the parties did in *Pence*, to warrant this Court preemptively ruling on its request. *See id.* ("Inasmuch as [the non-party deponent] has made the request for a determination and, given that he is in prison, is acting *pro se*, and is not easily deposed, we accept the invitation of all parties to resolve whatever privilege issues may be resolved on the current record.").

## CONCLUSION

The Government's request for a preemptive ruling as to the properness of M.L.'s intended invocation of his Fifth Amendment privilege is therefore DENIED. The parties should proceed with M.L.'s deposition in accordance with the above.

**SO ORDERED.**

Dated: New York, New York
       February 26, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge