**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                  Plaintiff,

-against-

WILLIAM DOONAN and WILLIAM DOONAN
AND ASSOCIATES, INC., doing business as
WILLIAM DOONAN, ESQ.,

                  Defendants.
------------------------------------------------------------X



19 **CIVIL** 9578 (JPC)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated March 30, 2022, the Government's motion for summary judgment is granted. The Court finds that Defendants repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701 and that injunctive relief pursuant to 26 U.S.C. §§ 7407 and 7408 is appropriate to prevent recurrence of such illegal conduct. The Court also finds that Defendants repeatedly engaged in conduct that interfered with the enforcement of the internal revenue laws and that injunctive relief against them is appropriate to prevent recurrence of such conduct pursuant to 26 U.S.C. § 7402(a) and the Court's inherent authority. The Court therefore permanently enjoins Defendants under 26 U.S.C. §§ 7402(a), 7407, and 7408 from directly or indirectly: 1. Preparing or filing, or assisting in preparing or filing, any federal tax return, amended return, or other federal tax documents or form for any person other than Doonan (or Doonan and his spouse if filing jointly) or for any entity other than WDA; 2. Representing any person before the IRS, or advising, assisting, counseling, or instructing anyone about preparing a federal tax return; 3. Employing any person who prepares or files, or assists in preparing or filing, any federal tax return, amended return, or other federal

tax documents or forms for any person other than Doonan (or Doonan and his spouse if filing jointly) or for any entity other than WDA; 4. Engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701; 5. Further promoting false tax schemes that violate the internal revenue laws; 6. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number or an Electronic Filing Identification Number; 7. Having an ownership interest in an entity in the business of preparing federal tax returns or other federal tax documents or forms for other persons or representing any person before the IRS; 8. Commercially advertising their own tax return preparation services through any medium, including the internet and social media; and 9. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue. The Court will also require Doonan, within 75 days of receiving the Court's order, to file a declaration, signed under penalty of perjury, confirming that he has received a copy of the Court's order and has complied with its terms. The Court also authorizes the United States to take post-judgment discovery to monitor and ensure compliance with the Court's injunction against Defendants; accordingly, the case is closed.

**Dated:** New York, New York

March 30, 2022

**RUBY J. KRAJICK**

**BY:** *K Mango*

**Clerk of Court**

**Deputy Clerk**